GUSTAV MALINCKRODT *et al.*, Appellants, *v.* JEFFERSON MUTUAL FIRE INSURANCE COMPANY, Respondent.

### February 14, 1876.

Where an open cargo policy had been issued by an insurance company to A, and A reported a shipment on a named steamboat, which was accordingly entered upon the book annexed to the policy as insured thereby, and

during the voyage the property was, without necessity, reshipped and lost, *held,* that the insurance company, not assenting to the reshipment, was discharged.

APPEAL from St. Louis Circuit Court
*Affirmed.*

· *Everett W. Pattison* and *Rudolph Schulenburg,* for appellants, cited: Western Ins. Co. *v.* Cupper, 32 Penn. St. 355; 1 Pars. on Mar. Ins. 321–323; 1 Ph. on Ins. 79–85, sec. 133; Carver *v.* Manufacturing Ins. Co., 6 Gray (Mass.), 214; Harman *v.* Kingston, 3 Camp. N. P. 150; 2 Pars. on Con. 336–369; Hartshorn *v.* Ins. Co., 38 Mo. 238; Donville *v.* Sun Ins. Co., 12 La. An. 260; Protection Ins. Co. *v.* Wilson, 6 Ohio, 553; City Bank *v.* Cutter, 4 Pick. (Mass.) 414; Loring *v.* Gurney, 5 Pick. (Mass.) 16; Bliven *v.* New England Screw Co., 23 How. 42; 1 Duer. on Ins. 195, 196–200; Long *v.* Allen, 2 Park. (N. Y.) Cr. 797; Newman *v.* Cazalet, 2 Park. (N.Y.) Cr. 900; Strong *v.* New York Fire Ins. Co., 11 Johns. 323; Depan *v.* Ocean Ins. Co., 5 Cow. 63; 1 Parks on Ins. 47, 48–101; Gregory *v.* Christio, 1 Park. (N. Y.) Cr. 104; Farquharson *v.* Hunter, 1 Park. (N. Y.) Cr. 105; Ongio *v.* Jennings, 1 Camp. N. P. 505; Tierney *v.* Etherington, 1 Burr. 348; Noble *v.* Kennoway, Doug. 510; Salvador *v.* Hopkins, 3 Burr. 1707; Urquhart *v.* Barnard, 1 Taun. 450; Constable *v.* Noble, 2 Taun. 403; Morgan *v.* Atkyns, 3 Camp. N. P. 200; Lethuther's Case, 2 Salk. 443; Bond *v.* Gonsales, 2 Salk. 445; Warwick *v.* Scott, 4 Camp. N. P. 62; Kingston *v.* Knobbs, 1 Camp. N. P. 508; Gracie *v.* Marine Ins. Co., 8 Cranch. 75; —— Ins. Co. *v.* Catlett, 12 Wheat. 386; Coggshell *v.* American Ins. Co., 3 Wend. 283; Bramhall *v.* Sun Ins. Co., 104 Mass. 510; Caldwell *v.* St. Louis Perpetual Ins. Co., 1 La. An. 85; Dows *v.* Howard Ins. Co., 5 Robt. (N. Y.) 473.

*Krum & Madill,* for respondent, cited: Ang. on Car. 187; Arnold on Ins. 178, 179; Abb. on Ship. 448, 449; 23 Mo. 553.

GANTT, P. J., delivered the opinion of the court.

The appellants procured from the respondent an open

cargo policy, dated May 25, 1868, by which respondent agreed to insure for appellants all such shipments to or from St. Louis, on good steamboats or sea vessels, by river, sea, lake, or inland transportation, that should be indorsed on the policy-book annexed to the policy, lost or not lost.

The petition states that on January 29, 1872, a shipment was made to appellants at St. Louis, from New Orleans, Louisiana, on a good steamboat; that it was indorsed on the policy-book, and appellants paid the premium, and that the shipment was totally lost. Wherefore appellants prayed judgment for its value.

The answer of respondent set up that the shipment in question had been entered on the policy-book as shipped on the steamboat 'Howard;' that the same was insured as shipped on the steamboat 'Howard;' that it was not lost on the 'Howard,' but, when that vessel reached Memphis, the cargo was, without necessity and without respondent's knowledge or consent, reshipped onto the steamboat 'Columbiana,' which, in coming to St. Louis, was lost with its cargo.

The appellants replied that the cargo was necessarily reshipped, because of the perils of navigation which compelled the measure, and that the privilege of reshipment was reserved in the bill of lading issued by the 'Howard;' that it was customary to reserve such a privilege at that season of the year, and that this custom was well known to defendant.

The facts shown at the trial were that the goods were shipped on the 'James Howard,' from New Orleans to St. Louis; that the boat, in issuing the bill of lading, reserved the privilege of reshipping; that, on reaching Memphis, the water was low, and the river above Cairo was full of ice; that a delay of two or three weeks was occasioned by these causes, during which the 'Howard' could not have reached St. Louis; that the ice then broke up, and the water rose. The goods were reshipped on a small and not very staunch boat, called the 'Columbiana,' and she was sunk in the latter part of February, and her cargo lost, by the ice she encountered near St. Louis.

Plaintiff offered evidence to prove a custom to reship cargo, under the circumstances, and to show that the insertion of a clause in the bill of lading authorizing a reshipment was in pursuance of an established custom of the trade. This, at any rate, was the purpose indicated. The evidence offered was excluded by the court. It hardly came up to the purpose indicated. The Circuit Court excluded all evidence of custom to which the defendant was not proved to have acceded. At the close of the case of plaintiffs, defendant asked, and the court gave, an instruction that the plaintiffs could not recover.

1. We must affirm this judgment. There was no justification that defendant was bound by for reshipping the cargo at Memphis. The temporary detention caused by low water and ice was of uncertain duration, and actually continued for two or three weeks. In the case of *Salisbury* v. *The Marine Insurance Company*, 23 Mo. 553, damages to a vessel, the repairs of which would consume twelve days, were the cause of a reshipment of the cargo ; but the underwriters were held to be discharged of the risk incurred in the new bottom. The privilege of reshipment was a matter which was provided for the convenience of the 'James Howard.' The risk of the defendant was of the cargo on its voyage from New Orleans to St. Louis in the steamboat 'James Howard.' It did not insure the risk when the 'Columbiana' was made the carrier. It had no notice of the change, and whether the risk was increased or lessened is not material. It was not one against which the defendant assured.

2. The evidence offered was incompetent to affect such a contract as existed between plaintiff and defendant. A very definite agreement was here made to assure a particular risk. The evidence offered was for the purpose of subjecting the defendant to a greatly enlarged and varied hazard. Nothing of a similar kind, to which defendant had ever been a party, was shown, and nothing was shown of a custom on the part of underwriters at St. Louis to sanction the reshhip-

ment which the ship owners of New Orleans reserved to themselves the right to make.   It is plain that by no intendment could defendant be regarded as having made the contract of insurance in contemplation of any such practice.

The judgment of the Circuit Court is affirmed; all the judges concurring.